THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FRANCISCO SOTO CINTRÓN, Defendant and Appellant.

No. Cr–62–222. Decided March 11, 1963.

*José M. Cueto* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Juan A. Faría, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM.

Appellant was charged with a violation of § 5–801 of the Vehicle and Traffic Law of Puerto Rico (No. 141 of July 20, 1960, Sess. Laws, p. 408), consisting in that "on or about October 5, 1960 and in Santurce, Puerto Rico... unlawfully, wilfully, criminally and maliciously he was driving or operating a motor vehicle, truck... under the influence of intoxicating liquor."

In support of the information the district attorney offered during the trial the testimonies of Sergeant Juan Alamo Perales, of police officer Rafael Mercado Rivera, of Doctor Manuel López Pons, and of Haydée Fernández.

Sergeant Alamo Perales testified that on October 5, 1960 he was supervising five patrols of one of the sections of Barrio Obrero when he was called by police officer Mercado. He reported to Stop 25½ where an automobile accident had occurred; he found defendant on the sidewalk and noticed "by the manner of conducting himself and of talking and the smell of intoxicating liquor that the man had imbibed liquor"; he picked up defendant because he noticed that he was in a state of intoxication, took him to the police station and from there to the judge of the Investigating Court who ordered that

blood samples be taken; he then took him to the municipal hospital where Dr. Manuel López Pons took the blood sample without defendant's objection.

Police officer Rafael Mercado Rivera testified that on October 5, 1960 he was patrolling Bouret Street when he noticed that an automobile accident had occurred on that street at the corner of Ponce de León; that a small truck was parked on the right-hand side of the avenue and that defendant was seated behind the wheel; that he proceeded to fill out the papers and noticed that defendant could not walk as he got out of the truck; that "in getting out of the truck he did not get out as I, who was safe and sound, could"; that he could not walk well; that he zigzagged; that when he asked him for the license he smelled of liquor; that defendant talked incoherently and that the witness called his supervisor by radiotelephone because of the way defendant smelled; that he questioned defendant and the latter explained to him how the accident had occurred, admitting that the truck belonged to him and that he was the driver of the vehicle. On cross-examination, he testified that what defendant explained was incoherent; that he could not be understood very well; that he staggered as he got out of the truck.

Doctor Manuel López Pons was the physician who took the blood sample from defendant and explained the procedure followed by him.

Haydée Fernández was the chemist who made the analysis of the blood taken from defendant, the result of which was 0.15 per cent of alcohol per weight in the blood. On cross-examination, she testified that the amount of alcohol in a person's blood may affect his faculties; that some persons may become intoxicated with .07 per cent, that it depends on the person's tolerance; that with 0.15 per cent the person is in a state of intoxication and that with less than 0.15 per cent he could or could not be in a state of intoxication; that that depends "on certain factors such as weight, size, emotional

state, condition of health... If the person is or is not used to drink, the sugar content in the blood..."

Upon termination of the presentation of the evidence by the district attorney, defendant moved for acquittal for insufficiency of the evidence. The motion was denied and defendant then submitted the case. The court found him guilty and sentenced him to serve 12 days' imprisonment in jail and suspended his driver's license for a period of one year.

On appeal, defendant maintains that the trial court committed the only error of finding him guilty on the evidence heard.

■■ He is not right. The testimony of the two police officers to the effect that defendant smelled of liquor, talked incoherently, swayed to the sides as he walked, in addition to the objective appreciation by such officers of defendant's state of intoxication, would be sufficient to support his conviction. *People* v. *Superior Court*, 84 P.R.R. 378 (1962). However, the court had also under consideration the result of the analysis of the blood sample taken from defendant, which showed that the content of alcohol per weight was 0.14 per cent. This evidence, considered jointly with the rest of the evidence which the trial court had before it, was sufficient to establish that appellant was driving a motor vehicle in a state of intoxication. Section 5–801(*b*) (2) of the Vehicle and Traffic Law of Puerto Rico.

The judgment appealed from will be affirmed.